USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1493 UNITED STATES, Appellee, v. ELADIO CAMACHO, JR., A/K/A DAVID RICHARD, A/K/A HECTOR PEREZ, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ____________________ Before Selya, Boudin and Lynch, Circuit Judges. ______________ ____________________ Benicio Sanchez Rivera, Federal Public Defender, and Miguel A.A. ______________________ ____________ Nogueras-Castro, Assistant Federal Public Defendant, on brief for _______________ appellant. Guillermo Gil, United States Attorney, Nelson Perez-Sosa, ______________ ___________________ Assistant United States Attorney, and Jose A. Quiles-Espinosa, Senior _______________________ Litigation Counsel, on brief for appellee. ____________________ February 4, 1997 ____________________ Per Curiam. Eladio Camacho appeals from his ___________ sentence on the sole ground that the district court erred in denying him a two-level reduction for his "minor" role in the offense under U.S.S.G. 3B1.2(b). In a Supplemental Order dated December 4, 1996, the district court found that Camacho was not "less culpable than most other participants." U.S.S.G. 3B1.2, comment. (n.3). We review such determinations only for clear error. See United States v. ___ ______________ Rostoff, 53 F.3d 398, 413 (1st Cir. 1995). "'Where more than _______ one reasonable inference may be drawn from undisputed facts, the court's choice from among supportable alternatives cannot be clearly erroneous.'" United States v. Rodriguez Cortes, ______________ _________________ 949 F.2d 532, 546-47 (1st Cir. 1991) (citation omitted). The district court's role-in-the-offense determination in this case was not clearly erroneous. "[A] defendant who is a drug courier is not entitled as of right to a reduction of the offense level as a minimal or minor participant." ________ United States v. Lopez-Gil, 965 F.2d 1124, 1131 (1st Cir. ______________ _________ 1992) (emphasis added). The undisputed fact that Camacho acted as a drug courier does not entitle him to a two-level reduction for minor participation and the court's refusal to grant a reduction was not clearly erroneous. Camacho's sentence is affirmed. See Loc. R. 27.1. ________ ___ -2-